WALLACE, Senior Circuit Judge,
concurring in part and dissenting in part:
I concur in the majority’s opinion with one exception. It is clear to me that the Yamagata plaintiffs have failed to carry their burden of establishing that their claims are not barred by the statute of limitations.
“When subject matter jurisdiction is challenged under Federal Rule of Procedure 12(b)(1), the plaintiff has the burden of proving jurisdiction in order to survive the motion.” Kingman Reef Atoll Invs., L.L.C. v. United States, 541 F.3d 1189, 1197 (9th Cir.2008) (internal quotation marks omitted). When we remanded this case to the trial court to resolve the statute of limitations question, all plaintiffs alleged that they first learned about the critical statements in August 1998, when the Maughan/AVA plaintiffs’ counsel received notes from an IRS meeting. The Maughan/AVA plaintiffs’ allegation is supported by an affidavit from their general counsel indicating that they first learned of the statements in question when the notes were received. The only support for the Yamagata plaintiffs’ allegation, on the other hand, is the Maughan/AVA plaintiffs’ counsel’s statement that he gave the notes to the Yamagata plaintiffs’ counsel sometime after he received them. Obviously, that allegation does not prove any date on which the Yamagata plaintiffs first learned of the statements in question.
The majority nonetheless concludes that the Yamagata plaintiffs met their burden because (1) there is no evidence in the *1167 record that suggests the Yamagata plaintiffs learned about the statements before their attorneys and (2) the evidence should be viewed in the light most favorable to the Yamagata plaintiffs as the nonmoving party.
While both these general premises are correct, they lead nowhere to solve the critical issue before us. A permissible inference cannot replace required supporting information. On the relevant question, the Yamagata plaintiffs have not given us what we need most: an affidavit that supports them individualized awareness date. The majority’s avoidance of the required proof cannot constitute a satisfaction of the Yamagata plaintiffs’ burden of proving jurisdiction.
Federal jurisdiction is always a critical issue. Without its establishment in a case, we do not have power to act. The Yamagata plaintiffs could easily prove jurisdiction by an affidavit stating the date they gained knowledge. Their failure to do so speaks volumes about whether they could prove jurisdiction. The fact is that they did not and the majority’s attempt to make an end run around this critical issue is unfortunate.
As to the Yamagata plaintiffs, they had the burden to prove jurisdiction. Perhaps they could have but did not. They should be dismissed for failure to prove jurisdiction.